**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **BRIAN WHITAKER,**<br>    Plaintiff,<br>  vs.<br>**TESLA MOTORS, INC.,**<br>    Defendant. | Case No. 4:21-CV-3135-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re Dkt. No. 12 |

Defendant filed a motion to dismiss plaintiff's request for nominal damages and California Unruh Act cause of action on complaint on June 7, 2021. (Dkt. No. 12.) The motion was heard by the Court on September 28, 2021 by videoconference.

Having carefully considered the briefing and arguments submitted in this matter, and for the reasons set forth in full detail on the record, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

As explained during the hearing, the Court **GRANTS** the motion to dismiss with respect to plaintiff's request for nominal damages. The law is clear that only injunctive relief is available as a remedy for a private plaintiff under Title III of the Americans with Disabilities Act ("ADA"). *See Wander v. Kaus*, 304 F.3d 856, 858 (2002); *Molski v. M.J. Cable, Inc*., 481 F.3d 724, 730 (9th Cir. 2007) ("monetary damages are not available in private suits under Title III of the ADA); *Oliver v. Ralphs Grocery Co.,* 654 F.3d 903, 905 (9th Cir. 2011) (explaining that a private plaintiff can sue only for injunctive relief under Title III of the ADA.).[1] The Supreme Court's recent decision in

---

[1] Many other circuits have made clear that injunctive relief is the only private relief available in a Title III case. *See Stebbins v. Legal Aid of Arkansas*, 512 Fed. Appx. 662, 663 (8th Cir. 2013) ("Title III of the ADA does not provide for private actions seeking damages"); *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 342 (8th Cir. 2006) (holding Plaintiff's Title III claim

*Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), which was decided under common law principles, does not change the availability of remedies under Title III of the ADA. Thus, the Court **GRANTS** the motion to dismiss plaintiff's request for "nominal damages and other equitable relief" under the ADA.

With respect to the California Unruh Act cause of action, and defendant's request that the Court decline to exercise supplemental jurisdiction of the state law claim, the motion is **DENIED**. The Court does not find plaintiff to be engaged in forum-shopping; plaintiff is allowed to bring his Unruh Act claim in either state or federal court and should not be forced to choose one forum over the other. Moreover, the Court finds it more efficient to hear both claims together.

Defendant shall file a response to plaintiff's complaint by Monday, October 18, 2021.

This Order terminates Docket Number 12.

**IT IS SO ORDERED.**

Dated:  September 29, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

moot because "Title III provides only injunctive relief..."); *see also Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) ("injunctive relief...is the only form of relief available to plaintiffs suing under Title III of the ADA."); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages.").